Ms. Martha Farmere Secretary-Treasurer Arkansas State Board of Therapy Technology 714 Santa Fe Lane Hot Springs, AR 71913
Dear Ms. Farmere:
This is in response to your request for an opinion, submitted on behalf of the Arkansas State Board of Therapy Technology ("Board") regarding Section 4 of Act 875 of 1981, which is codified at Arkansas Code of 1987 Annotated 17-98-301(b). Section 4 of the 1981 Act, entitled "Exemptions," states as follows:
The following classes of persons are exempt from this Act.
 a. Persons authorized by the laws of this State to practice medicine, physicians trained assistants, osteopathy, chiropractors, chiropody, podiatry or physical therapy, and persons licensed under the Nurses Practice Act.
You have asked for an interpretation of this provision. Your question centers on whether the exemption operates to permit these persons to practice within the scope of their particular professions, or whether they may practice massage therapy outside these professions.
Section 3 of Act 875 [A.C.A. 17-98-301(a)] prohibits the practice of "Therapy Technology," with or without charge, without a Certificate of Registration issued by the Board. The term "Therapy Technology" is defined as engaging in certain procedures enumerated under Section 2 of the Act [A.C.A. 17-98-102(1)] including, inter alia, "[a]ny On-Hand Techniques and Procedures not covered under specific licensing laws of other boards." Section 2 (A)(11), Act 875; A.C.A. 17-98-102(1)(K).
It is thus clear that registration would be required of the classes of persons listed under Section 4 of the Act, to the extent those persons engaged in the stated practices, but for the exemption provided for under that Section. It is also reasonable to surmise that persons within these exempt classes do have occasion to utilize the procedures outlined under Section 2 of the Act.
The fact that the exemption contained in Section 4 is extended to "classes of persons" reflects legislative intent for these persons to be exempt by virtue of their professions. Thus, procedures utilized in the practice of their professions will not subject them to the Act. However, it may reasonably be concluded that the Act will apply in the event persons otherwise exempt under Section 4 pursue the practice of Therapy Technology as an endeavor distinct from the pursuit of their stated profession. This, of course, will involve a question of fact to be resolved based upon the particular circumstances of each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.